UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
PFIFE HUDSON GROUP, INC.,                       :
                                                :
                Plaintiff,          :       **ANSWER and**
                                                :       **COUNTER-CLAIMS**
                                                :
              -against-              :       08 CV 5071 (DLC) (GWG)
                                                :
                                                :       **JURY TRIAL DEMANDED**
ANTHONY MICHAEL SISTA,                          :
                                                :
                Defendant.          :
---------------------------------------------------------------x

      Defendant/Counter-claimant, Anthony Michael Sista, by and through his attorney, responds to the complaint as follows:

      1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph (1) of the plaintiff's complaint.

      2. Admits the allegations contained in paragraph (2) of plaintiff's complaint.

      3. Neither admits nor denies the statements in paragraph (3) of the plaintiff's complaint and refers all statements of law to the Court.

      4. Neither admits nor denies the statements in paragraph (4) of the plaintiff's complaint and refers all statements of law to the Court.

      5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph (5) of the plaintiff's complaint.

      6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph (6) of the plaintiff's complaint.

      7. Denies the allegations contained in paragraph (7) of the plaintiff's complaint.

      8. Denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph (8) of the plaintiff's complaint.

9. Denies each and every allegation contained in paragraph (9) of the plaintiff's complaint.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph (10) of the plaintiff's complaint, except admits only that Defendant began employment with Plaintiff in January 2008.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph (11) of the plaintiff's complaint.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph (12) of the plaintiff's complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph (13) of the plaintiff's complaint.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph (14) of the plaintiff's complaint.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph (15) of the plaintiff's complaint.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph (16) of the plaintiff's complaint.

17. Denies each and every allegation contained in paragraph (17) of the plaintiff's complaint.

18. Denies each and every allegation contained in paragraph (18) of the plaintiff's complaint.

19. Denies each and every allegation contained in paragraph (19) of the plaintiff's complaint.

20. Denies each and every allegation contained in paragraph (20) of the plaintiff's complaint.

21. Admits the allegations contained in paragraph (21) of the plaintiff's complaint.

22. Denies each and every allegation contained in paragraph (22) of the plaintiff's complaint.

23. Denies each and every allegation contained in paragraph (23) of the plaintiff's complaint.

24. Denies each and every allegation contained in paragraph (24) of the plaintiff's complaint.

25. Denies each and every allegation contained in paragraph (25) of the plaintiff's complaint.

26. Denies each and every allegation contained in paragraph (26) of the plaintiff's complaint.

27. Denies each and every allegation contained in paragraph (27) of the plaintiff's complaint.

28. Denies each and every allegation contained in paragraph (28) of the plaintiff's complaint.

29. Denies each and every allegation contained in paragraph (29) of the plaintiff's complaint.

30. Denies each and every allegation contained in paragraph (30) of the plaintiff's complaint.

31. Denies each and every allegation contained in paragraph (31) of the plaintiff's complaint.

32. Denies each and every allegation contained in paragraph (32) of the plaintiff's complaint.

33. Denies each and every allegation contained in paragraph (33) of the plaintiff's complaint.

34. Denies each and every allegation contained in paragraph (34) of the plaintiff's complaint.

## AS AND FOR THE FIRST CAUSE OF ACTION

35. Defendant repeats, reiterates and realleges each and every response contained in the paragraphs (1) through (34) as if set forth more fully herein.

36. Denies each and every allegations contained in paragraphs (36) through (44) of the plaintiff's complaint.

## AS AND FOR THE SECOND CAUSE OF ACTION

37. Defendant repeats, reiterates and realleges each and every response contained in the paragraphs (1) through (44) as if set forth more fully herein.

38. Denies each and every allegations contained in paragraphs (45) through (51) of the plaintiff's complaint.

## AS AND FOR THE THIRD CAUSE OF ACTION

39. Defendant repeats, reiterates and realleges each and every response contained in the paragraphs (1) through (51) as if set forth more fully herein.

40. Denies each and every allegations contained in paragraphs (52) through (61) of the plaintiff's complaint.

## AS AND FOR THE FOURTH CAUSE OF ACTION

41. Defendant repeats, reiterates and realleges each and every response contained in the paragraphs (1) through (61) as if set forth more fully herein.

42. Denies each and every allegations contained in paragraphs (62) through (71) of the plaintiff's complaint.

## AS AND FOR THE FIFTH CAUSE OF ACTION

43. Defendant repeats, reiterates and realleges each and every response contained in the paragraphs (1) through (71) as if set forth more fully herein.

44. Denies each and every allegations contained in paragraphs (72) through (96) of the plaintiff's complaint.

## AS AND FORTHE SIXTH CAUSE OF ACTION

45. Defendant repeats, reiterates and realleges each and every response contained in the paragraphs (1) through (96) as if set forth more fully herein.

46. Denies each and every allegations contained in paragraphs (97) through (102) of the plaintiff's complaint.

## AS AND FOR THE SEVENTH CAUSE OF ACTION

47. Defendant repeats, reiterates and realleges each and every response contained in the paragraphs (1) through (102) as if set forth more fully herein.

48. Denies each and every allegations contained in paragraphs (103) through (114) of the plaintiff's complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

49. The complaint fails to state a cause of action upon which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

50. To the extent the Plaintiff seeks equitable relief, Plaintiff's conduct constitutes unclean hands.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

51. The Plaintiff has failed to plead, some or all allegations, with specificity and particularity as they refer to and pursuant to CPLR § 3013.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

52. The injuries suffered by plaintiff were caused in part by plaintiff's own conduct or the conduct of other parties and not by conduct of the defendant.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

53. Some or all of plaintiff's claims are barred by the applicable statute of limitations.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

54. All of the plaintiff's claims are barred by the statute of frauds.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

55. Plaintiff cannot recover because they have waived any rights to recovery from defendant.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSES

56. Plaintiff's claims are barred by the doctrine of laches.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

57. Plaintiff's claims are barred because there was absence of consideration.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

58. Plaintiff's claims are barred because there was mutual mistake.

### AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

59. Defendant did not breach any duty to plaintiff.

### COUNTER-CLAIMS

### AS AND FOR THE FIRST COUNTER-CLAIM

55. Plaintiff benefitted from defendant's services and work-product and has unjustly enriched itself by failing to compensate or pay restitution to defendant.

### AS AND FOR THE SECOND COUNTER-CLAIM

56. Plaintiff has wrongfully withheld defendant's salary to which defendant is rightfully entitled to and plaintiff had agreed to pay.

### AS AND FOR THE THIRD COUNTER-CLAIM

57. Plaintiff has spread and continues to spread false information about defendant and portrayed defendant in a false light to prospective business contacts.

### AS AND FOR THE FOURTH COUNTER-CLAIM

58. Plaintiff has issued and continues to issue libelous and slanderous comments about defendants.

### AS AND FOR THE FIFTH COUNTER-CLAIM

59. Plaintiff has intentionally and tortiously interfered with defendant's business contacts, opportunities and prospectives clients and caused damage to defendant.

## AS AND FOR THE SIXTH COUNTER-CLAIM

60.     Plaintiff's act of filing the complaint was done to chill defendant's right to business opportunities and was done as a malicious abuse of process.

**WHEREFORE**, Defendant Anthony Michael Sista, demands judgment dismissing the complaint against him, enter a judgment in his favor against plaintiff for his counter-claims (compensatory and punitive damages to be determined by a jury), together with attorney fees, costs, expenses and disbursements, and such other relief as this Court may deem just and proper.

Dated: June 17, 2008
         New York, New York

                                                        /sVikrant Pawar_____
                                                        Vik Pawar, Esq.
                                                        321 Broadway, Suite 200
                                                        New York, New York 10007
                                                        (212)-571-2266 (phone)
                                                        (212)-656-1645 (fax)

To:    Anthony Cummings, Esq. (by ECF and email)
       *Attorney for Plaintiff/Defendant Pfife Hudson*